[Civ. No. 12585.   Second Appellate District, Division Two.—October 18, 1940.]

SECURITY–FIRST NATIONAL BANK OF LOS AN-
GELES (a National Banking Association), Respondent,
v. G. A. CHAPMAN, Appellant.

Evans, Pearce & Campbell for Appellant.

Thorpe & Bridges for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff predicated upon the granting of its motions (a) to strike defendant's answer, and (b) for a summary judgment under section 437 (c) of the Code of Civil Procedure, defendant appeals.

These are the essential facts:

The complaint alleged that on or about August 10, 1935, S. J. and G. A. Chapman Corporation executed and delivered to plaintiff a promissory note in the principal sum of $18,000 bearing interest at 7 per cent per annum and that said note was secured by a trust deed executed by said corporation to the Los Angeles Trust and Safe Deposit Company as trustee covering certain real property described therein; that contemporaneously with the execution of the note defendant herein as an individual made, executed, and delivered to plaintiff a written guarantee of the aforementioned note.

Paragraph VI of the complaint read thus:

"VI. That by reason of said default, and in compliance with the terms and provisions of said deed of trust, the said Trustee, at the request of plaintiff, on or about the 21st day of July, 1939, sold said property, having first given notice of the time and place of such sale in the manner and for a time not less than that required by the laws of the State of California for the sale of real property under deeds of trust, and that at the time of sale so fixed on July 21, 1939, the said Trustee sold said property covered by said deed of trust, at public auction, to plaintiff herein, it being the highest bidder at said sale, for the sum of $9,000.00."

Defendant in his answer, after admitting the execution of the guaranty set forth in the complaint, denied (1) that the sale by the trustee under the deed of trust was in every respect in compliance with the terms of said deed of trust and in accordance with the law in such cases made and provided, and (2) as affirmative defenses alleged:

(a) That, at the time plaintiff requested defendant to execute the guaranty, plaintiff made a reappraisement of the

properties covered by the deed of trust and placed a value thereon which it agreed was adequate security for the note and that defendant in executing the guaranty did so "purely *pro forma*" and solely by reason of the death of the father of defendant who was president of the corporation which executed the note, to wit, the S. J. and G. A. Chapman Corporation, and that defendant understood he was executing the guaranty in effect for the estate of his deceased father.

(b) That the property described in the trust deed was sold for less than its true market value and that plaintiff made an election of parties defendant when it sued defendant herein and failed to enter suit for a deficiency judgment against the principal maker of the note, to wit, the S. J. and G. A. Chapman Corporation, and by so doing sought an arbitrary fixing of the guarantor's liability without equity and contrary to law.

(c) That the complaint was insufficient in that it failed to set forth the fair market value of the property at the time of the trustee's sale, as required by section 580 (a) of the Code of Civil Procedure of the state of California.

Defendant relies for reversal of the judgment on these propositions:

*First: The complaint failed to state facts sufficient to constitute a cause of action, because it did not allege that the property covered by the trust deed was bid in by the plaintiff for its fair market value at the foreclosure sale, as required by the provisions of section 580 (a) of the Code of Civil Procedure.*

*Second: It was error for the trial court to strike defendant's answer, for the reason that the first affirmative defense raised the issue of whether defendant intended to be the guarantor or signed the guaranty in a representative capacity, to wit, as executor of his father's estate.*

Defendant's first proposition is untenable and is governed by the following established rules:

■ (1) A contract of guaranty gives rise to a separate and independent obligation from that which binds the principal debtor. (*Loeb* v. *Christie,* 6 Cal. (2d) 416, 420 [57 Pac. (2d) 1303].)

■ (2) In an action founded upon a contract of guaranty it is unnecessary for the plaintiff to allege compliance with the provisions of section 580 (a) of the Code of Civil

Procedure, in order to state a cause of action against the guarantor. (*Bank of America etc. Assn.* v. *Hunter,* 8 Cal. (2d) 592, 598 [67 Pac. (2d) 99].)

Applying the foregoing rules to the facts in the instant case we find that defendant was sued upon a contract of guaranty; therefore it was unnecessary for plaintiff to allege compliance with the provisions of section 580 (a) of the Code of Civil Procedure, in order to state a cause of action.

■ Defendant's second proposition is likewise untenable. The rule is established that, when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible. (Sec. 1639, Civ. Code.)

■ This rule is subject to the further rule that, when through fraud, mistake, or accident, a written contract fails to express the real intention of the parties and such mistake or imperfection of the writing is put in issue by the pleadings, then the erroneous parts of the writing may be disregarded. (Sec. 1640, Civ. Code; sec. 1856, subdiv. 1, Code Civ. Proc.) ■ In the present case no facts are pleaded in defendant's answer showing any fraud, mistake, or accident, resulting in an imperfection in the writing, which evidenced the contract of guaranty executed by defendant. Hence, no imperfection in the writing is put in issue by the pleadings. The allegations that defendant executed the guaranty "purely *pro forma*" and "understood that he was executing said guaranty in effect for the Estate of his deceased father, S. J. Chapman" are pure conclusions of the pleader and are not allegations of matters of fact. ■ As the defendant has failed to argue or present any points and authorities in support of the allegations in his answer denying that the sale by the trustee under the deed of trust was in every respect in compliance with the terms of the said deed of trust and in accordance with law, we will not consider that such allegations, which were mere conclusions of law, raised any questions which require discussion. (*Bradley* v. *Butchart,* 217 Cal. 731, 747 [20 Pac. (2d) 693].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

Wood, J., concurred in the judgment.