[Civ. No. 4591. Fourth Dist. Aug. 14, 1953.]

JOHN J. MOFFETT, Appellant, v. ROWE MILLER et al., Respondents.

George Griffin and Eugene A. Horton for Appellant.

R. M. Switzler for Respondents.

MUSSELL, J.—This is an action against defendants as guarantors of the payment of a promissory note payable to plaintiff and executed by "Role, Inc." Each of the defendants guaranteed to pay one-third of the amount of the note, which was for $5,000, and was due on August 7, 1951. The note was not paid at the time of maturity or thereafter except for the payment of $300 on account. After maturity of the note, plaintiff gave notice to Role, Inc., Mr. Frank Thomas, president of the corporation, and to all three guarantors that the note was overdue and that he wanted payment. There was no other effort made by plaintiff to collect from Role, Inc. The defendant guarantors made demand in writing upon plaintiff to sue or first pursue the principal (Role, Inc.). However, the corporation was not sued upon the note or made a party to the instant action, which was filed February 19, 1952.

After plaintiff had presented his evidence at the trial, the defendants moved for a judgment of nonsuit on the ground

that the evidence showed that demand was made upon the payee of the note by the guarantors "to pursue the principal debtor for any action that was brought against them, and that such demand was rejected and no pursuit made." This motion was granted and plaintiff appeals from the judgment of dismissal which was thereupon entered.

The question here involved was whether plaintiff was required, after demand made upon him by the guarantors, to proceed against the maker of the note before being able to secure a judgment against the guarantors. We conclude that this question must be answered in the affirmative.

 The distinction between sureties and guarantors was abolished by the Legislature in 1939 by section 2787 of the Civil Code. Section 2807 thereof was amended in 1939 and now reads as follows:

"A surety who has assumed liability for payment or performance is liable to the creditor immediately upon the default of the principal, and without demand or notice."

Section 2845 of the same code provides:

"[Surety may require creditor to proceed against principal: Effect of neglect to proceed.] A surety may require his creditor to proceed against the principal, or to pursue any other remedy in his power which the surety can not himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced."

In *Bank of America* v. *McRae,* 81 Cal.App.2d 1, 7 [183 P.2d 385], it is said, quoting from 13 California Jurisprudence 110, section 22:

" 'The liability of the guarantor of an absolute and unconditional guaranty is fixed when the principal obligation matures and is not predicated upon the exhaustion by the creditor of his remedies against the principal debtor, or the exhaustion of other security for the debt; and it is immaterial whether the debtor can or cannot pay the debt.' "

However, in that case the original notes involved matured in 1932, and as said by this court in *Ingalls* v. *Bell,* 43 Cal. App.2d 356, 365 [110 P.2d 1068] (decided in 1941):

"The legislature in 1939, abolished all distinction between sureties and guarantors (sec. 2787, Civ. Code) and a surety who has assumed liability for payment to a creditor is liable immediately upon the default of the principal and without demand or notice (sec. 2807, Civ. Code) and a surety may now, under section 2845 of the Civil Code, require his creditor

to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so the surety is exonerated to the extent to which he is thereby prejudiced."

In *State Athletic Com.* v. *Massachusetts Bonding & Ins. Co.,* 46 Cal.App.2d 823, 829 [117 P.2d 75], the court, in commenting upon sections 2845, 2849 and 2850 of the Civil Code, said:

"These code sections are the enactment of rules developed in equity to give relief from the common law doctrine which permitted the creditor to enforce remedies against the surety without reference to his rights against the principal."

In the instant case there is no pleading or proof on the part of plaintiff of a lack of prejudice to the guarantors justifying the action against them without proceeding against the principal.

Judgment affirmed.

Barnard, P. J., concurred.