[Civ. No. 7025.   Fourth Dist.   Feb. 19, 1963.]

PALM SPRINGS S. & S. INC., Plaintiff and Respondent, v. LEE W. BERING et al., Defendants and Appellants.

Thomas H. Cannan for Defendants and Appellants.

Slaughter, Schlesinger & Schlecht for Plaintiff and Respondent.

GRIFFIN, P. J.—In this action on a promissory note for $20,000 and to foreclose a chattel mortgage, the court, on motion of plaintiff on February 16, 1961, entered a summary judgment in full on the note and foreclosed a chattel mortgage on certain bar and kitchen equipment located in Palm Springs as to all defendants except W. W. Wooldridge.

On February 24, 1961, on the court's own motion, the summary judgment was corrected to add thereto that if the proceeds of the sale of the items secured by the chattel mortgage were insufficient to pay the amount found due to plaintiff with interest, etc., the plaintiff in such event could recover the amount of the deficiency, and that the plaintiff is authorized to make an application to the court for the entry of judgment for such deficiency. It further appointed a commissioner to hold the foreclosure sale and to fix his duties. Defendants were barred from any right or equity of redemption in and to said mortgaged property.

The affidavit supporting the order recited that the original judgment did not set forth the true order of the court made on February 3, 1961, and that the court inadvertently omitted these provisions in the original judgment and that such omission constituted a clerical error; that the original order made by the court included these items, but when reduced to writing they were inadvertently omitted.

In addition, the answers of appealing defendants were ordered stricken and judgment was entered on plaintiff's

complaint as per noticed motion. The commissioner sold the property for $1,000 and a deficiency judgment was entered against defendants. Defendants Lee W. Bering and Muriel Bering and defendants Iris B. Wooldridge and Lee Bering, Inc., filed separate appeals. The appeal of the latter two was abandoned on January 15, 1962.

The main question presented on this appeal is the sufficiency of the affidavits and pleadings to show that there was no triable issue of fact presented. The affidavit of David Lyons shows that he is the president of the plaintiff corporation which caused the chattels covered by the mortgage to be transferred to defendant corporation (Lee Bering, Inc.) for use in a restaurant located in Palm Springs; that a copy of the inventory and chattel mortgage was incorporated into the complaint; that payment for said chattels was to be in accordance with the terms of a certain note dated October 16, 1959, which note was also incorporated into the complaint by reference; that the papers were presented by affiant's attorney for signature by the corporation and by the individuals involved so that all the individuals would be personally bound in addition to the corporation; that each officer of the corporation, Lee W. Bering and Iris B. Wooldridge, signed once as vice president and secretary respectively and an additional time with no designation following their signatures; that Muriel Bering and W. W. Wooldridge each signed once with no designation of capacity following their names; that although the note provided for payment of $10,000 thereon on December 1, 1960, no such payment was made, and that the entire balance was thereupon declared due as authorized by the note; and that after such declaration nothing was paid on said note. This affidavit carried the statement that, under penalty of perjury, the foregoing was true and correct.

The affidavit of appellant Lee W. Bering recites that he believed that he and Muriel Bering had a good defense to the action, based upon facts therein set forth, which affiant stated he could and would testify to as a witness; that he signed the note on behalf of defendant corporation and then as a director of the corporation, and that Muriel Bering signed as a director of the corporation; that neither affiant signed as maker, or as individuals, but only after Lee Bering, Inc. had executed the note as the maker thereof; that neither Lee W. Bering nor Muriel Bering intended to sign the note as individuals or as makers thereof, and that:

". . . no consideration was offered or received by affiant and/or the defendant, Muriel Bering for execution of the promissory note"; that neither affiant nor Muriel Bering intended to, and neither of them did, obligate themselves to plaintiff for payment of any sum of money; and that no sum is due, owing, or unpaid from affiant and defendant Muriel Bering to plaintiff.

It is plaintiff's position that the trial court was justified in disregarding the affidavit of defendants and ordering the answer stricken because the affidavit only stated conclusions of the affiant.

The verified complaint, referred to in the affidavit, sets forth a photostatic copy of the note, purportedly signed, which states in part as follows:

"Lee W. Bering /s/ W. W. Wooldridge Lee Bering's Inc. [*sic*], a corporation
"Muriel Bering /s/ Iris B. Wooldridge By /s/ Lee W. Bering, Vice President

By /s/ Iris B. Wooldridge, Secretary"

The chattel mortgage was not signed by individuals, but only by Lee W. Bering, Inc., a corporation, by its president and secretary.

Defendants' verified answer thereto denied generally the allegations of the complaint, admitted the due execution of the note and mortgage by the corporation Lee Bering, Inc. and that $10,000 became due and payable solely from the corporation, but denied the remaining allegations of the complaint as to any personal or individual liability. As noted, the affidavit alleges that appellants did not sign said note as individuals or as makers thereof but only after Lee Bering, Inc. had executed it as the maker, and made no representation that they signed as individuals, and that they did not intend to and did not obligate themselves individually for the payment of the note, but it was executed by and for Lee Bering, Inc., and alleged that no sum of money was due thereunder from appellants.

In *Figari* v. *Olcese,* 184 Cal. 775, 781 [195 P. 425, 15 A.L.R. 192], where defendant jointly signed the note as promissor but claimed he only signed as a witness and the word "witness" was printed thereafter, the court held that one who has joined apparently as a maker of a note may show by parol evidence, as against the payee, that he has signed *with the knowledge of the payee* in a different capacity and with a

different liability, *where such facts are pleaded.* (Citing Civ. Code, § 2832 and other authority.)

The affidavit is somewhat deficient in showing that the signing of such note only as a director of the corporation and not as an individual was *with the assent and knowledge of the payee.* The court said, in the *Figari* case, *supra,* on page 780: "There is no doubt under the law that if he had subscribed his name without qualification and without notice or knowledge on the part of Figari that he was only intending to witness his father's execution of the note, he would be bound as a maker. . . ."

Plaintiff, in its affidavit, avers that it intended to bind the defendant corporation and appellants individually. Appellants aver that in signing the note, they did not intend to bind themselves individually but only to bind the corporate defendant. ██ ██ It is the general rule that a contract of guaranty gives rise to a separate and independent obligation from that which binds the principal debtor, and that when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible. ██ This rule is subject to the provisions of Civil Code, section 1640, in reference to mistake, fraud, or accident, where put in issue by the pleadings. (*Security First Nat. Bank* v. *Chapman,* 41 Cal.App.2d 219 [106 P.2d 431].)

Plaintiff relies upon Civil Code, section 3101, reading: Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

It is further contended that at any rate appellants were liable as accommodation endorsers under Civil Code, section 3110.

Of course, every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value. (Civ. Code, § 3105.) This is a disputable presumption. (Code Civ. Proc., § 1963, subd. (21).) ██ Parol evidence is admissible to show the consideration or want of it *if properly pleaded.* (*Harper* v. *French,* 29 Cal.App.2d 214 [84 P.2d 216]; *Rivera* v. *Cappa,* 29 Cal.App. 496 [156 P.1016, 1017].)

■ The mere statement, without further facts, that appellants did not receive any consideration for their signatures would not be sufficient to relieve appellants of liability on this ground. (Civ. Code, § 3110.) It therefore appears that defendants' affidavit is not sufficient to show lack of consideration as a triable issue, or that appellants signed only for and on behalf of the corporation and not as individuals, and that they so signed *with notice and knowledge of the payee.* In fact, the note affirmatively shows that they signed as individuals. The corporation executed the note by and through its president and secretary. It was not necessary for appellants, as directors, to sign it to bind the corporation. No fraud or mistake is alleged.

■ The next question presented is whether plaintiff complied with Code of Civil Procedure, section 437c, in failing to state or show in its affidavit and declaration supporting the motion for summary judgment that: ''The facts set forth in this affidavit are within the personal knowledge of affiant and if affiant were sworn as a witness he could testify competently thereto.'' *Rodes* v. *Shannon,* 194 Cal.App.2d 743 [15 Cal.Rptr. 349]; *Knudsen* v. *Faubus,* 199 Cal.App.2d 659 [19 Cal.Rptr. 17]; and *Apodoca* v. *Schiffahrtsgesellschaft,* 199 Cal.App.2d 605 [18 Cal.Rptr. 869], are cited in support of this claim of defendants. Code of Civil Procedure, section 437c, *supra,* requires that the affidavit ''contain'' facts sufficient to entitle plaintiff to a judgment and the ''. . . facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show [not state] affirmatively that affiant, if sworn as a witness, can testify competently thereto.''

Fairly examined, it meets the requirement of the statute and the trial court apparently concluded that it was sufficient to order the summary judgment. It *shows,* under penalty of perjury, that the president of the plaintiff corporation had the note prepared, whereby appellants would sign as individuals and not as directors of the corporation, and that it was intended that their liability would be as individuals. The due execution of the note, as to the corporation, was admitted, and it was also admitted that the note was unpaid.

Next, it is claimed that the fixing of $750 as reasonable attorney's fees, as provided in the note, presented a triable issue. This claim is without merit, since the plaintiff waived attorney's fees and the judgment did not include such sum.

On argument before this court, counsel for respondent read a copy of a satisfaction of judgment duly entered on May 9, 1961, reciting that judgment: ". . . having been paid, full payment and satisfaction is hereby acknowledged thereof. . . . The court hereby authorizes the clerk to enter a full satisfaction of record."

Counsel for these appellants stipulated that such a satisfaction was entered. The parties further stipulated that this satisfaction was not paid by appellants herein. Appellants contend that there may possibly be an action for contribution against them.

The order correcting the judgment *nunc pro tunc* was authorized under the recitation of facts stated therein.

Judgment and order affirmed.

. Coughlin, J., and Monroe, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 17, 1963.