[No. G042247. Fourth Dist., Div. Three. Oct. 19, 2009.]

UNITED CENTRAL BANK, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
LOUISA H.Y. CHANG, Real Party in Interest.

**COUNSEL**

Assayag Mauss, Michele Sabo Assayag and Henry Hwang for Petitioner.

No appearance for Respondent.

David Edward Ambill for Real Party in Interest.

**OPINION**

**THE COURT.**[*]—Petitioner United Central Bank (the Bank) seeks extraordinary relief from an order denying its motion for a right to attach order and

---

[*]Rylaarsdam, Acting P. J., Aronson, J., and Ikola, J.

issuance of a writ of attachment. Finding plain error, we issue a peremptory writ of mandate in the first instance directing the trial court to vacate its order denying the motion and to conduct a new hearing to determine if the Bank has made the showing necessary for issuance of a right to attach order under Code of Civil Procedure section 484.090.[1]

I

BACKGROUND

In 2007 and 2008, real party in interest Louisa H.Y. Chang (Chang) provided three personal guaranties to the Bank as additional credit support for three construction loans the Bank made to another party (the borrower). The aggregate principal amount of the three loans was approximately $4 million. Though the three construction loans were secured by deeds of trust on real property, the guaranties were not secured by any interest in real property. In each of the guaranties, Chang waived the right to require the Bank, in the event of the borrower's default, to proceed first against the borrower or against the real property security for the loan.

Beginning in December 2008, the borrower defaulted on the three loans. Thereafter, the Bank demanded Chang pay the amounts due under the guaranties, but she failed to do so. On April 23, 2009, the Bank sued Chang for breach of the guaranties. A few days later, the Bank filed an application for a right to attach order and issuance of a writ of attachment for the real properties of Chang.

After a hearing, the court denied the Bank's application in a minute order that cited a single ground for the denial. The minute order stated that "writs of attachment do not pertain to situations where the loan or loans are secured by real property, the exception being where the evidence shows that the security has diminished in value to less than the sum due on the loans, per [section] 483.010[, subdivision] (b). Here there is no such evidence." The court made no findings as to whether the Bank satisfied the requirements for issuance of the attachment order under section 484.090.[2]

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Section 484.090 provides in pertinent part as follows: "(a) At the hearing, the court shall consider the showing made by the parties appearing and shall issue a right to attach order, which shall state the amount to be secured by the attachment determined by the court in accordance with Section 483.015 or 483.020, if it finds all of the following: [¶] (1) The claim upon which the attachment is based is one upon which an attachment may be issued. [¶] (2) The plaintiff has established the probable validity of the claim upon which the attachment is based. [¶] (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based. [¶] (4) The amount to be secured by the attachment

The Bank filed a petition for writ of mandate seeking review of the denial of its application for a right to attach order as to the real properties of Chang. We invited Chang to file an informal response to the petition, which she did a few days after the specified deadline. We grant her application for late filing. We have read and considered Chang's informal response.

For the reasons set forth below, we determine the trial court plainly erred in ruling that the remedy of attachment was unavailable because the underlying *loans* are secured by real property. Because "petitioner's entitlement to the relief requested is so obvious that no purpose could be served by plenary consideration of the issue . . . ," we issue a peremptory writ of mandate in the first instance. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1260 [82 Cal.Rptr.2d 85, 970 P.2d 872].)

## II

### DISCUSSION

■ The trial court misapplied section 483.010 in denying the Bank's application for a right to attach order. While this statute does indeed provide that an attachment "may not be issued on a claim which is secured by any interest in real property," the court failed to recognize that the "claim" before it was based on *unsecured* guaranties.

■ A guaranty is a separate and independent obligation from that of the principal debt. (*Coppola v. Superior Court* (1989) 211 Cal.App.3d 848, 865–866 [259 Cal.Rptr. 811]; *Security-First Nat. Bank v. Chapman* (1940) 41 Cal.App.2d 219, 221 [106 P.2d 431].) Though the three principal loans here were secured by real property, the guaranties signed by Chang were not. Thus the prohibition in section 483.010 against issuance of an attachment order for a claim secured by real property does not apply.

■ Case law holds that a writ of attachment may issue on a guaranty, regardless of whether the principal loan is secured, so long as the guarantor has waived the right to require the creditor to proceed first against the security given for the primary obligation. (See *Engelman v. Bookasta* (1968) 264 Cal.App.2d 915, 917–918 [71 Cal.Rptr. 120] [where guarantor waives rights arising from existence of security given by debtor, guarantor's obligation is unsecured and creditor can obtain attachment order against guarantor]; *American Guaranty Corp. v. Stoody* (1964) 230 Cal.App.2d 390, 396 [41

---

is greater than zero. [¶] (b) If, in addition to the findings required by subdivision (a), the court finds that the defendant has failed to prove that all the property sought to be attached is exempt from attachment, it shall order a writ of attachment to be issued upon the filing of an undertaking as provided by Sections 489.210 and 489.220."

Cal.Rptr. 69].) Chang expressly waived her right to require the creditor to proceed first against the real property security for the three principal loans. Consequently, the Bank was entitled to a writ of attachment against Chang's real properties if it satisfied the requirements of section 484.090. The trial court erred in failing to consider the Bank's showing under that statute.

## III

### DISPOSITION

A peremptory writ of mandate shall issue directing the superior court to vacate its order denying the motion for a right to attach order and to conduct a new hearing to consider whether the Bank has made a sufficient showing for issuance of a right to attach order under section 484.090. Each party shall bear its own costs in this writ proceeding.