[Civ. No. 7520. First Appellate District, Division One.—April 22, 1931.]

C. M. WEATHERWAX, Respondent, v. FRED R. HILLS, Appellant.

Franklin T. Poore for Appellant.

Treat & Ogden for Respondent.

TYLER, P. J.—Action upon a promissory note.

The complaint alleges that defendant, on the second day of July, 1919, made, executed and delivered to Hayes & Hayes, Bankers, his promissory note in the sum of $3,000 and, at the request of defendant, plaintiff indorsed and guaranteed payment of the same. Thereafter plaintiff pur-

chased the note. Subsequent to its purchase by plaintiff, defendant made several payments thereon at various times up to the tenth day of October, 1926. The complaint further alleges that the places of residence of defendant, after the execution of the note, were in the states of Washington and Oregon; and recites, on information and belief, that defendant has not resided in the state of California for periods aggregating more than three years since the note was executed. Under a separate cause of action plaintiff alleged an acknowledgment of the debt by defendant and a new promise to pay.

The answer set up, as a defense, the statute of limitations and also the fact that defendant was a resident of the state of California at the time of the execution of the note and prior to the date of commencement of the action, and was actually within the state for a period of time aggregating more than four years.

The court found that defendant had lived out of the state part of the time since the making of the note, but that the evidence was insufficient to support the allegation that defendant had not resided in the state for periods aggregating more than three years since such time. It further found, however, that at the time certain payments were made by defendant to plaintiff upon the note, they were accompanied by writings which were sufficient to constitute a new promise which tolled the statute of limitations. Judgment was thereupon rendered for the balance of the amount due in the sum of $1616 with interest, $200 attorneys' fees and costs.

The question here presented is whether or not the correspondence carried on between the parties constitutes an acknowledgment or new promise sufficient to take the case out of the operation of the statute of limitations. It appeared in evidence that after the execution of the note, defendant, for a part of the time, was absent from the state of California and the parties had, during this period, correspondence concerning payment of the note. It is upon this correspondence that the trial court found that defendant had acknowledged the debt and promised to pay the same. The present action was commenced in April, 1928. On the fourth day of August, 1925, defendant wrote plaintiff as follows:

"Things were rather tied up last month, but if you will have patience for another ten days, I will be in a position to do something substantially for you, in other words, I hope at this time to clean up everything for this year.

"Yours very truly,

"(Signed)   FRED R. HILLS."

The trial court found this letter referred to the payment of the note sued upon. The second memorandum consisted of two letters, one signed by defendant and the other by plaintiff. The one written by defendant and which was enclosed by him with a payment on account read as follows:

"Please mail receipt to me care of Portland office of Fairbanks Morse Co.

"(Signed)   FRED R. HILLS."

In response to this request, plaintiff replied as follows:

"December 7, 1925.

"Received from—Fred R. Hills—check in the amount of One Hundred Dollars ($100.00) to apply on interest and principal of note for $3000.00 dated July 2nd, 1919.

"(Signed)   C. M. WEATHERWAX."

The third acknowledgment, which the court found constituted a new promise, consisted of two writings, one by plaintiff demanding payment, the other by defendant in reply to this demand. The letter written by plaintiff is as follows:

"December 31, 1926.

"Mr. Fred R. Hills,

"710 Lewis Building,

"Portland, Oregon.

"Dear Fred: Is it going to be necessary for me to take action in order to collect the balance of your note? It is now the end of the year and I have had no payments since October 10th. Unless I hear from you with a remittance within the next few days, I will be forced to take the necessary steps to protect myself. I should think you would want to clean up the balance of your note without any additional trouble. Let me hear from you promptly.

"(Signed)   C. M. WEATHERWAX."

To this demand defendant replied:

"Dear Mr. Weatherwax: I have been away for the last three weeks, and upon returning to the office, find several

letters from you. I wish to state that at the present I have taken on two heavy contract jobs, which has tied up all my ready cash for the next thirty days, but when this period is past, I will be in a position to make you a substantial payment. Hoping you can see your way clear to wait for this period, I am

"Very truly yours,

"(Signed)  FRED R. HILLS."

There is no question but that a debt barred by the statute of limitations may be revived by a new promise, either express or implied. All of the writings above set forth and which the trial court found constituted an acknowledgment and promise to pay were made, as indicated, four years immediately prior to the commencement of the action. Section 360 of the Code of Civil Procedure provides in substance, that a new and continuing contract, sufficient to take the case out of the operation of the statute of limitations, may be contained in writings signed by the party to be charged thereby. The form or character of the writing is not provided for by the statute. The new acknowledgment or promise may be gathered from several writings with reference to and connected with the subject matter. (*Searles* v. *Gonzalez,* 191 Cal. 426, 430 [28 A. L. R. 78, 216 Pac. 1003].) It must be an unqualified, unconditional recognition of an obligation for which the person making such admission is liable. (*Powell* v. *Petch,* 166 Cal. 329, 331 [136 Pac. 55].) Here the letters speak for themselves. It seems too clear to us to admit of argument that they fully support the findings of the trial court, to the effect that they constitute an acknowledgment and a promise to pay, sufficient to satisfy the requirements of the statute. They contain a reference to the existing debt and an unqualified and unconditional willingness to pay. Nothing more is needed.

The judgment is affirmed.

Knight, J., and Ward, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1931.