[S. F. No. 15767.  In Bank.—April 13, 1937.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. MARY A. HUNTER, Respondent.

Rosendale, Scott & Thomas, Louis Ferrari, Tobias J. Bricca and C. H. White for Appellant.

Garth V. Lacey for Respondent.

WASTE, C. J.—A hearing was granted herein after decision in the District Court of Appeal of the First Appellate District, Division One, in order that we might more fully consider the applicability or nonapplicability to this cause of the proviso added to subdivision 1 of section 337 of the Code of Civil Procedure in 1933 (Stats. 1933, p. 2116). Our examination of the subject satisfies us that the District Court of Appeal, along with correctly disposing of other issues, properly concluded that said proviso, dealing with limitations of actions, furnishes no obstacle to the prosecution of the present action. We are not, however, in complete accord with everything stated by that court on the point, but shall hereinafter specify the reasons which, in our opinion, indubitably indicate that the proviso is without application here.

We adopt the following portions of the opinion of the District Court of Appeal, with such additional comments as will later appear, as and for the opinion of this court:

"This action was brought to recover the sum of $4,300, upon a guaranty in this amount, executed by the defendant in favor of Bank of Italy National Trust and Savings Association, of which the plaintiff is the successor, and by which she guaranteed to that extent payment of a promissory note for $10,800 executed contemporaneously therewith by Sheldon B.

Hunter, Zella L. Hunter, Samuel P. Hunter and Ethel M. Hunter in favor of said bank. The note was secured by a deed of trust upon real property, and not being paid when past due proceedings were taken to sell the land. It was bid in by the plaintiff and the amount of the bid applied on the indebtedness, which had been increased by unpaid interest and the expenses of the sale, after which application there yet remained due to the plaintiff a sum equal to the amount of the guaranty, which upon demand the defendant failed to pay.

"On the trial, at the conclusion of the evidence, the defendant moved for a nonsuit upon the grounds (1) that the demand was barred by the provisions of section 337 of the Code of Civil Procedure because the action was not brought within four years of the due date of the note which the guaranty partly secured, nor within three months from the time of the sale under the deed of trust securing the note; (2) that the evidence showed that a sum of more than the amount of the guaranty had as the result of the sale been credited upon the note, thus satisfying the terms of the guaranty; (3) that the guaranty was given for future advances and that the evidence failed to show that the execution of the promissory note was subsequent to that of the guaranty. This motion was granted by the court, its order being general without specification of any particular ground therefor. The plaintiff appeals from the judgment entered thereon, bringing here for review the correctness of said order.

"1. As to the statute of limitations. The record discloses that the action was commenced more than four years after the maturity of the note; but in this connection the appellant contends that the statute was repeatedly tolled by acknowledgments by defendant in writing of the debt of a character sufficient under the terms of section 360 of the Code of Civil Procedure to afford evidence of a continuing obligation.

"These acknowledgments are found in two so-called 'financial statements' signed by the defendant and furnished by her to the plaintiff, and in correspondence between them. One of these statements was given on December 1, 1931, and includes the following language: 'The undersigned, for the purpose of establishing and procuring credit from time to time with you and to induce you to permit the undersigned to be-

come indebted to you . . . furnishes the following as being a true and correct statement of the financial condition of the undersigned on the above date. . . . Contingent liability as guarantor S. P. Hunter $4,300.' The other of such statements was furnished on November 30, 1932, and contains the same language with the exception that the sum named as a contingent liability is $4,575; and the evidence shows that each of these amounts included the indebtedness covered by the guaranty.

"With regard to the correspondence the record shows that the plaintiff through its local manager wrote several letters to the defendant, requesting her to do something about her liability on the guaranty in order to avoid a threatened sale of the real property covered by said deed of trust. In reply to one of these letters she wrote: 'I understood we had another month to try to sell the ranch . . . I will appreciate anything you can do to assist me in this matter very much. . . . Please do all you can to help me at this time.'

"On August 7, 1933, the manager again wrote to the defendant saying: 'If you are not in a position to pay this amount at the present time we will be willing to take a note from you in that amount plus the commercial account you now owe us. Both amounts will be secured by a deed of trust on your ranch property;' to which the defendant replied: 'I am not willing to give you a trust deed on the ranch as security for $8,300. You know that the ranch is worth much more than that amount, and if I should be unable to meet interest I would stand a chance to lose the entire ranch. I will give the bank a mortgage on enough of the land to give the bank the margin of security which it requires for $8,300.'

"We are of the opinion that these financial statements and the defendant's reply to the bank's letter of August 7 constitute unequivocal acknowledgments of liability under her guaranty, from which the law implies a promise to pay. (*Searles* v. *Gonzalez*, 191 Cal. 426, 430 [216 Pac. 1003, 28 A. L. R. 78]; *Curtis* v. *Holee*, 184 Cal. 726 [195 Pac. 395, 18 A. L. R. 1024]; *Foster* v. *Bowles*, 138 Cal. 346 [71 Pac. 494]; *Weatherwax* v. *Hill*, 113 Cal. App. 557 [298 Pac. 853]; *Maurer* v. *Bernardo*, 118 Cal. App. 290 [5 Pac. (2d) 36].)

"The respondent suggests that the obligation being only contingent, her acknowledgment of liability was therefore contingent, and therefore not sufficient upon which to

base an implied promise to pay. This is to confuse the obligation with the acknowledgment of liability. The latter, as appears from our reference to the evidence, was not coupled with any condition or restriction. Nor did the fact that the defendant was unwilling to give the bank all the security it asked affect the clear-cut character of the acknowledgment.

. . . . . . . . . . . . .

■ "The next ground of the motion was that the evidence showed that a sum of more than $4,300 had been received by the plaintiff from the sale of the security and credited upon the note, thus satisfying the terms of the guaranty.

"In making this contention the respondent ignores the language of the guaranty, which reads in part: 'And this guaranty shall remain and be operative until *all present* or future credits given by you as aforesaid, not exceeding said limited sum, shall be fully paid . . . and agrees to pay you at any time upon demand . . . the full amount of principal and interest due . . . as aforesaid, not exceeding the sum of $4,300.' As is said in 81 A. L. R., at page 792, subdivision c, 'A continuing guaranty, which contains a limitation as to the amount for which the guarantor will be bound, is not exhausted though the principal contracts and pays debts equal to or greater than the sum stipulated therein.'

■ "The third ground of the motion for nonsuit was that the guaranty was given for future advances only, and that the evidence fails to show that the execution of the promissory note was subsequent to that of the guaranty.

"This contention, again, ignores the language of the instrument, and also the undisputed evidence in the case. That language is: 'Please give credit to, and permit S. B. Hunter and S. P. Hunter to become indebted to you on notes, endorsements, overdrafts, acceptances or other liabilities, in a sum not exceeding forty-three hundred dollars ($4,300.00). And as said S. B. Hunter and S. P. Hunter contemplate a course of future dealings with you, please continue said credit, etc. . . . And these presents shall be deemed to be and shall constitute to you a continuing guaranty in reference to the original credit hereby authorized and guaranteed, and shall embrace all future liabilities of said S. B. Hunter and S. P. Hunter to you under such original credit. . . . And this guaranty shall remain and be operative until all present or future credit . . . shall be fully paid.'

"The undisputed evidence shows that at the time of the execution of the guaranty S. B. and S. P. Hunter were indebted to the plaintiff on two notes, one for $6,500 and the other for $4,300, which last was also signed by the defendant. By the present transaction those two persons executed one note for the combined amount, and the bank, in order to continue in force for defendant's liability theretofore existing on the $4,300 note, proposed or required that she execute a guaranty of the new note in the identical amount, which she did in the form of the instrument in suit. Nothing could be plainer than that it was not limited to future indebtedness."

Section 337 of the Code of Civil Procedure, which prescribes a four-year limitation for the commencement of actions founded on a writing, is relied upon by the defendant as a bar to the action because of the 1933 amendment thereof which added a proviso in the following words: "provided that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not extend beyond three months after the time of sale under such deed of trust or mortgage". The claim of the defendant in this regard is based upon the fact that the present action was not commenced until after the lapse of three months from the sale under the deed of trust.

In our opinion an action against a guarantor, such as the defendant herein, does not fall within the terms of the quoted portion of section 337, *supra*. When that section speaks of an action to recover "the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage", it refers to the balance due upon the principal or secured obligation which is ordinarily recoverable by way of action for a deficiency judgment. This conclusion is supported by the fact that section 580a of the Code of Civil Procedure, dealing with deficiency judgments after sales under deeds of trust or mortgages, was added to the code in 1933 at the same session of the legislature at which section 337, *supra,* dealing with limitations of actions, was

amended by adding thereto the above-quoted proviso which gives rise to the issue now under consideration. ■ A reading of secting 580a, *supra,* as added in 1933, discloses that its provisions have to do solely with actions for recovery of deficiency judgments on the principal obligation after sale under trust deed or mortgage, as distinguished from a guarantor's obligation such as is here involved. Section 580a, *supra,* reads in part: "Complaint in action for deficiency judgment. Whenever a money judgment is sought for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, the plaintiff shall set forth in his complaint . . .

"Limitations of actions. Any such action (for a deficiency judgment on the principal obligation) must be brought within three months of the time of sale under such deed of trust or mortgage. . . . "

It is immediately apparent that the descriptive language and the time limitation contained in section 580a, *supra,* which section deals exclusively with actions for recovery of deficiency judgments, are identical with the descriptive language and the time limitation appearing in the proviso added by the same legislature to section 337, *supra,* which latter section deals with limitations of actions. With the addition of the former section (580a) to the code, it was indispensable that a proviso be added to the latter section (337) in order to assure consistency between the two sections, thus conclusively establishing, in our opinion, that the proviso added to section 337 in 1933 was intended to, and does, prescribe the time within which an action for a deficiency judgment must be commenced and, contrary to the defendant's contention, has no application to an action of this character based on the independent obligation of a guarantor.

The judgment is reversed and the cause remanded to the superior court for further proceedings in accordance with the views herein expressed.

Thompson, J., Shenk, J., Curtis, J., and Seawell, J., concurred.