## In re WILTON–MAXFIELD MANAGEMENT CO.

## COAST FEDERAL SAVINGS & LOAN ASS'N OF LOS ANGELES v. CRAWFORD.

### No. 9579.

Circuit Court of Appeals, Ninth Circuit.

Feb. 13, 1941.

Crail, Crail & Crail and J. Shearer, all of Los Angeles, Cal., for appellant.

Wm. M. Rains, Francis F. Quittner, and Albert L. Denney, all of Los Angeles, Cal., for appellee R. M. Crawford, Trustee.

Calvin L. Helgoe, of Los Angeles, Cal., for appellees Maxfield-Wilton & Associates, Inc., debtor; Residential Income Properties, subsidiary debtor; and Wilton-Maxfield Management Company, subsidiary debtor.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order which affirmed an order of a referee in bankruptcy

which, in a corporate reorganization proceeding,[1] disallowed the claim of appellant, Coast Federal Savings & Loan Association of Los Angeles, against the debtor, Wilton-Maxfield Management Company,[2] a corporation (hereafter called Wilton), for $2,835.44.

The question is whether, as the court below held, allowance of the claim was precluded by § 580b of the California Code of Civil Procedure, which provides: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property."

On August 11, 1937, Wilton purchased of appellant certain real property in Los Angeles, California. Instead of taking title in its own name, Wilton directed appellant to convey the property, and appellant did convey it, to Joseph Honey. Honey had, in fact, no interest in the property, but took title thereto as a "dummy" for Wilton, which, as appellant well knew, was the actual purchaser. The purchase price of the property was $7,000, $700 of which was paid at the time of the conveyance. For the balance ($6,300) Honey, at Wilton's request, executed a promissory note payable to appellant at its office in Los Angeles and, to secure payment thereof, executed a deed of trust covering the same property. Wilton guaranteed payment of the note by making the following endorsement thereon: "For value received, we hereby guarantee payment of the within note and waive protest and notice of protest."

This proceeding was commenced on August 22, 1938. Thereafter, on a date which the record does not disclose, the court made an order restraining appellant from proceeding under the deed of trust. Thereafter, on February 10, 1939, appellant filed its claim for $5,754.33, the then unpaid balance of the note. On June 28, 1939, appellant obtained an order vacating the restraining order and permitting the property to be sold under the deed of trust. The property was so sold on July 15, 1939.[3] On July 17, 1939, appellant filed a "notice of partial payment," stating that the proceeds of the sale had been credited on its claim, leaving an unpaid balance—in other words, a deficiency—of $2,835.44. In this amount appellant sought to have its claim allowed. Appellee, R. M. Crawford, Wilton's trustee, objected on the ground that such allowance was precluded by § 580b of the California Code of Civil Procedure. The referee heard evidence, found the facts to be as stated above,[4] concluded that appellee's objection was well taken, and accordingly disallowed appellant's claim. On petition for review,[5] the referee's order was affirmed. This appeal followed.

█ The record on appeal includes, inter alia, the referee's certificate on review. Therefrom it appears that, with his certificate, the referee transmitted to the judge of the court below a transcript of the testimony heard by the referee and his findings thereon.[6] On this testimony, the judge confirmed the referee's findings. The record on appeal includes the findings, but not the testimony. Therefore, the findings must be and are accepted as correct. Bernards v. Johnson, 9 Cir., 103 F.2d 567, 571.

█ The referee found that Wilton was the actual purchaser of the above mentioned property; that it purchased the property from appellant; that appellant took a note signed by Wilton's "dummy" for a part of the purchase price of the property; that the note was secured by a deed of trust covering the same property; and that appellant caused the property to be sold under the deed of trust, credited the note with the proceeds of the sale and sought allowance of its claim for the unpaid balance. These facts are not disputed and, for reasons above stated, are not open to dispute. Thus, if appellant's claim had been allowed, the order allowing it would have been, in effect, a deficiency judgment against a purchaser of real property after a sale thereof under a deed of trust given to secure payment of the balance of the purchase price. Such judgments are prohibited by § 580b, supra.

---

[1] Bankruptcy Act, §§ 77B, 101–276, 11 U.S.C.A. §§ 207, 501–676.

[2] Formerly known as Wilton, Maxfield, Wright & Company.

[3] The sale was by a trustee under a power contained in the deed of trust. There was no judicial foreclosure.

[4] Some of the referee's findings were stated in his "findings of fact," others in his "memorandum of decision."

[5] Bankruptcy Act, § 39 sub. c, 11 U.S.C.A. § 67 sub. c.

[6] See footnote 4.

Section 580b was not rendered inapplicable by the fact that Wilton, instead of signing the note as a maker, signed a guaranty thereof. For § 580b was designed, not merely to protect notemakers, but to protect purchasers of real property. Wilton, being such a purchaser, was entitled to the benefit of the section, despite the fact that it (Wilton) guaranteed, instead of merely promising, payment of the balance of the purchase price. We have no occasion to consider whether the section could be invoked by a guarantor who is not the purchaser.

In Loeb v. Christie, 6 Cal.2d 416, 57 P. 2d 1303; Bank of America National Trust & Savings Ass'n v. Hunter, 8 Cal.2d 592, 67 P.2d 99; and Security-First National Bank v. Chapman, Cal.App., 106 P.2d 431, cited by appellant, the relations of the parties were not, as in the case at bar, those of vendor and purchaser, but were merely those of note-holder and guarantor. Section 580b was not involved, relied on, considered or discussed in any of the cited cases. Obviously, none of them is in point here.

Order affirmed.