[Civ. No. 38396. Second Dist., Div. Two. Dec. 21, 1971.]

MARINERS SAVINGS AND LOAN ASSOCIATION,
Plaintiff and Appellant, v.
EDMUND R. NEIL, Defendant and Appellant.

**COUNSEL**

Eugene B. Chaikin and Joseph J. Weissman for Plaintiff and Appellant.

Eugene L. Wolver for Defendant and Appellant.

## Opinion

**COMPTON, J.**—Edmund R. Neil (hereinafter defendant) appeals from a judgment of $4,000 in favor of Mariners Savings and Loan Association (hereinafter plaintiff) in an action brought to enforce a personal guarantee of a promissory note.[1]

The note in question was executed by defendant's wife Jesse and was secured by a deed of trust on an item of real property, which real property was admittedly Jesse's separate property. Defendant concurrently executed a written personal guarantee as an inducement to plaintiff to make the loan. The proceeds of the loan represented by the note and trust deed were apparently used by defendant and his wife to pay "community debts." In any event, they were not for the purchase of the property given as security.

A combination of the failure of Jesse to make the required payments on the loan and her failure to keep the property in good repair as required in the trust deed, led plaintiff to exercise its power of sale under the trust deed and to commence this action against defendant on his contract of guarantee.

On this appeal defendant seeks to invoke the protective shield of the anti-deficiency judgment statutes, specifically sections 580a and 580d of the Code of Civil Procedure.

▇ Section 580a prescribes a specific procedure for obtaining a personal judgment for a deficiency remaining after a creditor has exercised the power of sale in a trust deed or mortgage. Since section 580a has to do solely with actions for recovery of deficiency judgments on the principal obligation and has no application to an action against a guarantor (*Bank of America etc. Assn.* v. *Hunter,* 8 Cal.2d 592 [67 P.2d 99]; *Security-First Nat. Bank* v. *Chapman,* 41 Cal.App.2d 219 [106 P.2d 431]) we proceed to examine defendant's claim that he was not a "true guarantor" but a principal obligor.

▇ Defendant contends that since the original application for the loan was made jointly by him and his wife and that plaintiff well knew that the money was to be used for payment of "existing and anticipated community debts,"[2] his guarantee was nothing but a sham device to circumvent the statutes prohibiting deficiency judgments.

In applying, under differing factual situations, the various statutes which

---

[1]Plaintiff also noticed an appeal but filed no brief in support thereof.

[2]The principal debt according to defendant was the acquisition of furniture for their San Marino and Palm Springs homes.

make up the legislative scheme prohibiting deficiency judgments, California courts have recognized a distinction between true, independent contracts of guarantee and guarantees which were in reality executed by the primary obligor. (Cf. *Valinda Builders, Inc.* v. *Brissner,* 230 Cal.App.2d 106 [40 Cal.Rptr. 735]; *Everts* v. *Matteson,* 21 Cal.2d 437 [132 P.2d 476]; *Riddle* v. *Lushing,* 203 Cal.App.2d 831 [21 Cal.Rptr. 902].)

*Riddle* v. *Lushing, supra,* involved a situation in which partners had individually guaranteed a partnership obligation. This court held that since the partners were already primarily obligated, jointly and severally, they could not also be guarantors on the partnership note.

In this context the marriage partnership varies markedly from the business partnership. "There is no legal theory of 'community debts' in this state, . . ." (4 Witkin, Summary of Cal. Law (1960) p. 2761.)

Section 5116 of the Civil Code provides "The property of the community is not liable for the contracts of the wife, made after marriage, unless secured by pledge or mortgage thereof executed by the husband."

Nor is the husband's separate property liable for the wife's debts contracted either before or after marriage.

Conversely, a wife can contract as freely as though she were unmarried and her separate property is liable for her debts. (Civ. Code, § 5103.)

Thus, when defendant's wife executed a note and secured it with a trust deed on her separate property, no obligations were thereby imposed on defendant.

Defendant's obligation on the contract of guarantee was separate and distinct from the primary obligation of his wife.

The other string to defendant's bow is that even if he is a "true guarantor," Code of Civil Procedure section 580d bars the entry of a personal judgment against him.

That statute prevents a deficiency judgment following a nonjudicial sale of real property given as security for a note.

In *Union Bank* v. *Gradsky,* 265 Cal.App.2d 40 [71 Cal.Rptr. 64], in a factual situation quite similar to the one at bar, this court concluded that the creditor was estopped from seeking judgment against the independent guarantor for the reason that resort to a nonjudicial sale of the security had destroyed the guarantor's right to subrogation.

The rationale of the holding in *Gradsky, supra,* invites further review for the reason that it appears to run contrary to the objectives of Code of

Civil Procedure sections 2809 and 2845 by encouraging the bringing of actions directly against guarantors without first exhausting the remedies against the principal obligor or without first resorting to the security. The practical result is thus more detrimental to the guarantor than being subjected to a judgment for the deficiency. We need not, at this juncture however, undertake such review because *Gradsky* is distinguishable from the case at bar.

The holding in *Gradsky* clearly pointed out that Code of Civil Procedure section 580d was not directly applicable to the situation of the guarantor. Thus it was stated that the guarantor could by express contract or subsequent action either waive or be estopped from raising that defense to the creditor's action to recover a deficiency after a nonjudicial sale.

The contract of guarantee here contains a number of the usual waivers. Specifically it states that defendant waives "any defense based upon Sections 580 and 726 of the Code of Civil Procedure of the State of California, or either of them."

A further provision in the guarantee provides "Guarantors waive any right to require Association [plaintiff] to (a) proceed against Borrowers; (b) proceed against or exhaust any security held from Borrowers; or (c) pursue any other remedy in Association's power whatsoever." These waivers were explicit. Nor were these waivers invalidated by Civil Code section 2953. That section in listing certain statutory rights, the waiver of which by a debtor is contrary to public policy, does not embrace section 580d within its sweep nor is the section at all applicable to an independent contract of guarantee. (*Engelman* v. *Bookasta,* 264 Cal.App.2d 915 [71 Cal. Rptr. 120].)

A circumstance equally persuasive in avoiding the application of *Union Bank* v. *Gradsky, supra,* is the conduct of defendant.

The trial court's findings of fact, which defendant does not controvert, recite, inter alia, that: "Approximately one (1) week prior to the date of said trustee sale, July 29, 1970, plaintiff tendered an assignment of plaintiff's promissory note and trust deed to defendant, such tender subject to defendant's payment of all sums due under said guarantee. Defendant did not accept said tender."

"That defendant had, prior to the aforesaid trustee sale, ample notice of such sale and the opportunity to preserve all of his rights by acquiring the aforesaid note and trust deed."

Thus defendant by reason of explicit waivers and conduct which implies

waiver cannot claim that the plaintiff was estopped from securing its judgment. He manifested a complete disinterest in any right of subrogation.

Defendant makes additional assignments of error which need not be discussed. His additional contentions are either totally lacking in substance or are answered by our discussion above.

The judgment is affirmed. Plaintiff to recover costs.

Herndon, Acting P. J., and Fleming, J., concurred.

A petition for a rehearing was denied January 13, 1972, and the petition of the defendant and appellant for a hearing by the Supreme Court was denied February 16, 1972.