[Civ. No. 41987. Second Dist., Div. Three. Feb. 26, 1974.]

INDUSCO MANAGEMENT CORPORATION,
Plaintiff and Appellant, v.
GEORGE D. ROBERTSON III et al., Defendants and Respondents.

## COUNSEL

Martin S. Stolzoff and Albert M. Goldberg for Plaintiff and Appellant.

Newlin, Tackabury & Johnston and Stuart W. Lapp for Defendants and Respondents.

## OPINION

**FORD, P. J.**—Plaintiff, as the successor of Industrial Finance Corporation (hereinafter designated as Industrial), sought to recover from defendants George B. Robertson III and Joan B. Robertson, as guarantors, the amount due and unpaid on a promissory note hereinafter designated as the Abaco note. Judgment was entered in favor of the Robertsons and plaintiff has appealed therefrom. The matter is before this court on an agreed statement prepared in lieu of a clerk's transcript and a reporter's transcript.

This action was commenced on November 30, 1967. The substance of portions of the findings of fact which show the nature of the litigation will be noted. The court found: 1. On October 15, 1964, Abaco Corporation executed its promissory note (the Abaco note) in the face amount of $88,000 in favor of Industrial and, as trustor, executed a deed of trust (hereinafter designated as the medical building trust deed) securing that promissory note to Union Bank as trustee. That deed of trust covered a leasehold estate in a medical building located in the City of Newport Beach in Orange County which leasehold estate had been acquired by Abaco Corporation by assignment recorded on February 1, 1963. 2. On July 30, 1965, the purchase of the medical building leasehold by defendants Robertson from Abaco Corporation was consummated. In connection therewith defendants Robertson, on or about July 21, 1965, executed a guaranty of the Abaco note and, as trustors, executed a deed of trust (hereinafter designated as the home trust deed) to Union Bank as trustee, wherein Industrial was named as beneficiary, covering the residence of defendants Robertson in the City of Newport Beach. 3. Prior to July 9, 1968, the medical building leasehold was sold at a trustee's sale under a deed of trust covering that leasehold, which deed of trust was recorded prior to the deed of trust executed by Abaco Corporation. 4. With respect to the home trust deed Industrial executed a notice of breach and election to sell under trust deed, which notice was recorded on February 14, 1968. A trustee's sale under the home trust deed occurred on July 9, 1968, and the property was purchased by Industrial. The net sum of $8,545.45 was applied by Industrial in reduction of the obligation evidenced by the Abaco note.

■ One portion of the conclusions of law of the trial court was as follows: "That the conduct of the Trustee's Sale on July 9, 1968, operated to exonerate defendants Robertson from any liability whatsoever under and by virtue of the Guaranty dated July 21, 1965."

The home trust deed executed by the Robertsons (exhibit 9) contained the following statement of purpose: "For the purpose of securing payment of the indebtedness evidenced by a promissory note executed by Abaco Corporation dated Oct. 15, 1964, in the principal sum of $88,000.00 payable to Beneficiary [Industrial] or order, . . . and for the purpose of securing performance by Abaco Corporation of each of the terms and provisions of an Agreement dated October 7, 1964 between Abaco Corporation and beneficiary."

Portions of the Robertsons' guaranty (exhibit 10) were as follows: "For value received, each of the undersigned hereby endorses, guarantees and

promises to pay at the time or times therein provided the promissory note dated October 15, 1964, in the principal amount of Eighty Eight Thousand and 00/100 Dollars ($88,000.00), made by Abaco Corporation, any renewal, replacement or extension thereof, all sums payable under the terms of any other instrument or instruments at any time securing or taken in connection therewith, and all expenses of collection including attorneys' fees, whether of this guaranty or of any instrument hereby guaranteed. . . . This is a guaranty of payment and each of the undersigned waives for himself and for all other persons (a) demand and protest, (b) all right to assert or plead at any time any statute of limitations as or relating to the foregoing or this instrument, (c) any right to require the holder of the foregoing instrument to proceed against the maker or against any other person, or to apply any security it may hold, or to pursue any other remedy, and (d) all suretyship defenses and defenses in the nature thereof. . . . The liability of each of the undersigned is and shall be joint and several, unlimited, absolute, primary and continuing and may be enforced without resort to any other rights, remedies or securities whatsoever. . . ."

The record discloses no written agreement on the part of the Robertsons, as purchasers of the medical building leasehold, to assume the obligation represented by the Abaco note. (See Civ. Code, § 1624, subd. 7.)

It is manifest that the Abaco deed of trust in favor of Industrial was rendered valueless by the sale of the medical building leasehold pursuant to the senior deed of trust. However, Industrial's right to recover the unpaid amount on the Abaco note from the debtor was not thereby destroyed. (*Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97].) Defendants Robertson do not contend otherwise, but they state that their position is as follows: "Since the Home Trust Deed secured the Abaco Note by its express terms (and not the Guaranty executed by Robertson), the conduct of the Trustee's Sale by Industrial under the Home Trust Deed operated to preclude any recovery of a deficiency judgment against Abaco Corporation on the Abaco Note under Code of Civil Procedure Section 580(d).[1] [¶] Prior to the time of the Trustee's Sale under the Home Trust Deed, the instant litigation was pending. If any recovery were effected by Industrial under the Guaranty pursuant thereto, Robertson, as Guarantor, would be subrogated to the rights of Industrial as a sold-out junior lienor to a deficiency judgment against Abaco Corporation. However,

---

[1]The first paragraph of Code of Civil Procedure section 580d, enacted in 1940, is as follows: "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such mortgage or deed of trust."

Industrial forever destroyed the subrogation rights of Robertson by its conduct of the Trustee's Sale under the Home Trust Deed and, therefore, is precluded from recovery against Robertson under the Guaranty."

The position of the defendants Robertson is based upon the reasoning of the court in *Union Bank* v. *Gradsky,* 265 Cal.App.2d 40 [71 Cal.Rptr. 64]. That reasoning is succinctly summarized in *Bauman* v. *Castle,* 15 Cal. App.3d 990, at page 993 [93 Cal.Rptr. 565], as follows: "In *Union Bank* v. *Gradsky, supra,* plaintiff bank made a construction loan to a property owner and took back a note secured by a first deed of trust on the property. As additional security for the construction loan, defendant Gradsky, the general contractor, guaranteed the note. When the note was not paid on the maturity date, the bank caused the security to be sold at a trustee's sale and the bank bid in the property. The bank then brought suit against Gradsky on his guaranty to recover the amount remaining unpaid on the note. The trial court sustained a demurrer to the complaint without leave to amend and entered a judgment of dismissal. The appellate court affirmed the judgment on the ground that the bank was estopped from seeking a deficiency judgment against the guarantor because the bank had elected to pursue the remedy of a nonjudicial sale of the security and had thereby destroyed the guarantor's right to obtain reimbursement from the principal debtor. The court pointed out that Code of Civil Procedure section 580d, prohibits a deficiency judgment where property has been sold under a power of sale contained in a deed of trust. The court noted that the bank had three options when the principal debtor defaulted on the note: (1) it could have brought a judicial foreclosure action against the principal debtor and the guarantor; (2) it could have sued the guarantor for the full amount due under the note; or (3) it could have realized upon the security by way of a nonjudicial sale. If the bank had chosen the first remedy, the bank could have obtained a deficiency judgment against the principal debtor, and the principal debtor would have had a statutory right of redemption. If the bank had chosen the second remedy, the guarantor would have been subrogated to all the bank's rights against the principal debtor and could have pursued either judicial sale of the security, thereby obtaining a deficiency judgment, or nonjudicial foreclosure, thereby foregoing a deficiency judgment but cutting off the debtor's right of redemption. When the bank instead chose to pursue the third remedy of nonjudicial foreclosure, it was barred, under Code of Civil Procedure section 580d, from obtaining a deficiency judgment against the principal debtor. It followed that if the bank were allowed to recover from the guarantor the unpaid balance due on the note, the guarantor could not acquire any rights from the bank by subrogation because the bank no longer had any rights against

the principal debtor and no security remained after the sale. The court concluded that the bank, having elected to create this situation, was estopped from suing the guarantor."

While *Gradsky* has been criticized,[2] we are not disposed to decline to follow its reasoning until a different view of the problem is expressed by our Supreme Court.

*Gradsky* recognizes that there can be a waiver by the guarantor of a defense based upon the creditor's election to pursue the remedy of non-judicial foreclosure of the security. Thus the court stated (265 Cal.App.2d at p. 48): "The language of the guarantee agreement does not specifically waive the guarantor's defense based upon an election of remedies which destroys both the guarantor's subrogation rights and his right to proceed against the principal obligor for reimbursement. In absence of an explicit waiver, we shall not strain the instrument to find that waiver by implication." In the present case the agreement of guaranty contains a waiver of "all suretyship defenses and defenses in the nature thereof."[3] However, that

---

[2]In *Mariners Sav. & Loan Assn.* v. *Neil*, 22 Cal.App.3d 232 [99 Cal.Rptr. 238, 49 A.L.R.3d 549], another division of this court found that the reasoning of *Gradsky* was inapplicable to the factual situation then before it. However, the court stated (pp. 235-236): "In *Union Bank* v. *Gradsky*, 265 Cal.App.2d 40 [71 Cal.Rptr. 64], in a factual situation quite similar to the one at bar, this court concluded that the creditor was estopped from seeking judgment against the independent guarantor for the reason that resort to a nonjudicial sale of the security had destroyed the guarantor's right to subrogation.

"The rationale of the holding in *Gradsky, supra,* invites further review for the reason that it appears to run contrary to the objectives of Code of Civil Procedure sections 2809 and 2845 by encouraging the bringing of actions directly against guarantors without first exhausting the remedies against the principal obligor or without first resorting to the security. The practical result is thus more detrimental to the guarantor than being subjected to a judgment for the deficiency. We need not, at this juncture however, undertake such review because *Gradsky* is distinguishable from the case at bar.

"The holding in *Gradsky* clearly pointed out that Code of Civil Procedure section 580d was not directly applicable to the situation of the guarantor. Thus it was stated that the guarantor could by express contract or subsequent action either waive or be estopped from raising that defense to the creditor's action to recover a deficiency after a nonjudicial sale.

"The contract of guarantee here contains a number of the usual waivers. Specifically it states that defendant waives 'any defense based upon Sections 580 and 726 of the Code of Civil Procedure of the State of California, or either of them.'"

[3]Civil Code section 2787 is as follows: "The distinction between sureties and guarantors is hereby abolished. The terms and their derivatives, wherever used in this code or in any other statute or law of this State now in force or hereafter enacted, shall have the same meaning, as hereafter in this section defined. A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor. Guaranties of collection and continuing

language cannot fairly be construed to be a specific waiver of the guarantor's defense asserted by the Robertsons which is now under consideration.[4]

Since we hold that the trial court properly determined that Industrial was not entitled to recover the unpaid balance of the Abaco note from the Robertsons, the judgment must be affirmed. Consequently, no purpose would be served by a consideration of the question of the capacity to sue of Industrial or of its successor, Merritt, Chapman & Scott, a corporation.

The judgment is affirmed.

Allport, J., and Loring, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1974.

---

guaranties are forms of suretyship obligations, and except in so far as necessary in order to give effect to provisions specially relating thereto, shall be subject to all provisions of law relating to suretyships in general."

[4]Professor John R. Hetland has stated: "With Union Bank v. Gradsky (1968) 265 CA2d 40, 71 CR 64, holding that CCP 580d, like the other deficiency sections, does not directly benefit the guarantor and holding that the guarantor is relieved of liability only because of the creditor's prejudicial election of remedies, the solution to the problem per se is simple. The creditor's standard form waiver must contain a specific waiver based on the creditor's creation of a CCP 580d deficiency bar in favor of the debtor." (Cal. Real Estate Secured Transactions (Cont. Ed. Bar 1970) § 6.54, p. 321.)

*Assigned by the Chairman of the Judicial Council.