**In re George BELL, Debtor.**

**George BELL, Appellant,**

v.

**FINANCIAL GUILD OF AMERICA, a corporation, Appellee.**

BAP No. CC–81–1391.
Bankruptcy No. LA–81–08930–BR.
Adv. No. LA–81–3434–BR.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Jan. 19, 1983.

Decided March 15, 1983.

Horace N. Freedman, Ervin, Cohen & Jessup, Beverly Hills, Cal., for appellant.

Louis E. Kempinsky (argued), Bernard P. Simons, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellee.

Before HUGHES, KATZ and GEORGE, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge:

This appeal is from a money judgment against George Bell for $771,131. As a debtor, George Bell commenced a Chapter 11 bankruptcy case; he is also the debtor-in-possession in the Chapter 11 case. For reasons to be developed, we vacate the money judgment.

(Technically, the appeal is from the entire judgment, as entered on December 14, 1981, "which ordered the sale of certain real property and set a money judgment." The judgment also ordered relief from stay. 11 U.S.C. § 362(d).

(However, the issues raised on appeal relate only to the money judgment. We therefore address only the money judgment portion of the judgment and do not disturb other portions).

### I

The controlling facts are not in dispute: Bell gave appellee Financial Guild of America a personal, continuing guaranty of a line of credit that FGA extended to a corporation in which Bell had an interest. The guaranty was secured by a deed of trust on Bell's home. In time, Bell revoked the continuing guaranty.

When the corporate business terminated, FGA sued Bell on his guaranty in state court and commenced non-judicial foreclosure of the deed of trust on Bell's home. Before either action was completed, Bell filed Chapter 11 bankruptcy. The automatic stay of 11 U.S.C. § 362(a) having thereby been invoked, FGA filed a complaint in the bankruptcy court for relief from stay, 11 U.S.C. § 362(d), so as to permit foreclosure. This proceeding, whereby FGA sought relief from stay, somehow led to the money judgment being appealed.

Although FGA's central objective in this litigation at the outset was foreclosure of

its deed of trust, the court and the parties agreed that the amount of Bell's liability had to be determined in order to decide the section 362(d) issues. This led to a four-day trial.

The court granted relief from stay at a specified future date if, in the meantime, the home was not sold as authorized by the court, and also granted the money judgment.

## II

### A

In appealing the money judgment, Bell raises several issues but we address only one. He states the issue as "[w]hether California Code of Civil Procedure section 726 either prevents FGA from obtaining a personal judgment against Bell or, in the alternative[,] results in the loss of FGA's secured position."

Bell develops this argument by stating that

> [n]othing in the complaint filed by FGA, nor in the answer filed by Bell gave any indication that a personal judgment against Bell was being sought. If such relief had been sought by FGA, Bell could have elected to assert the "one form of action" rule of California Code of Civil Procedure ("CCP") section 726 as an affirmative defense.

Bell then argues that California "CCP section 726 compels the secured creditor to foreclose if he wants judicial action to collect a secured obligation." The secured property, he states, "furnishes the primary fund for the payment of the debt and this fund must be exhausted before recourse can be had to the maker of the note."

From this, Bell concludes that state law affords him a defense to the claim for a money judgment, which defense he did not waive, or (if the court finds he did waive the defense) operates to cancel FGA's security interest. ("By choosing to recover a personal judgment against Bell, FGA made an election of remedies and thereby lost its security interest in Bell's real property"). Bell's argument is that in either event the court committed reversible error.

FGA relies on Rule 54(c) of the Federal Rules of Civil Procedure (see Bankruptcy Rule 754) in defending the money judgment despite its failure to seek such an award in its complaint for relief from stay. As to California's "one form of action" rule, FGA contends that Section 726 of the California Code of Civil Procedure "is procedural and thus inapplicable to proceedings in the federal bankruptcy court."

It points out that

> [t]he facts in the case at bar are analogous to the filing of a claim in bankruptcy. In the event of an objection, there is a contested, evidentiary proceeding which result in an order adjudicating the obligations of the debtor. This occurs notwithstanding the existence of a security interest in real property and without a concomitant disposition of the security.

.    .    .    .    .

> The application of the one form of action provisions of Section 726 ... frustrates efficient bankruptcy administration. As a result, those provisions should not be applicable ...

Furthermore, FGA argues, the judgment appealed satisfies Calif.Code Civ.Proc. § 726 because, "[i]n the same action, the bankruptcy court adjudicated the amount of Bell's obligations under his guaranty and decreed FGA's rights" in the real property.

> It ordered the property sold subject to its supervision ... and if not sold within a reasonable time, it decreed that FGA could elect to proceed nonjudicially without further impediment.

Bell replies by citing cases for the proposition that California's anti-deficiency statutes have been applied in bankruptcy cases, by arguing that Calif.Code Civ.Proc. § 726 is consistent with the Bankruptcy Code and by asserting that the judgment appealed does not satisfy Calif.Code Civ.Proc. § 726. The cases cited in support of his first contention are *In re Wilton-Maxfield Management Co.,* 117 F.2d 913 (9th Cir.1941); *Jue v. Bass,* 299 F.2d 374 (9th Cir.1962), and *In re Imperial Feed Products, Inc.,* 375 F.Supp. 681 (S.D.Cal.1974).

The first case involved Calif.Code Civ. Proc. § 580b, which bars a deficiency judgment to a purchase money creditor who exercises a power to foreclose by sale. The bankruptcy court vacated an injunction against nonjudicial sale. Following sale, the creditor presented an unsecured claim that was denied by the bankruptcy court. The court of appeals affirmed on the ground that "[s]uch [deficiency] judgments are prohibited by § 580b..." 117 F.2d at 914.

In *Jue v. Bass,* the court of appeals applied the one form of action rule of Calif. Code Civ.Proc. § 726 in the following context. A creditor holding a security interest in personal property sued in state court and obtained a writ of attachment under a statute authorizing attachment for unsecured claims. Subsequently, bankruptcy was filed and the trustee invalidated the creditor's security interest on alternative grounds, among them Calif.Code Civ.Proc. § 726.

*Imperial Feed Products* was similar to *Wilton-Maxfield Management Co.* in that the bankruptcy court granted leave to foreclose a deed of trust and the creditor's subsequent unsecured claim was denied because of the state statute prohibiting a deficiency judgment following foreclosure under a power of sale.

### . B

■ We are not persuaded by any of FGA's arguments except that the underlying facts "are analogous to the filing of a claim in bankruptcy." It is evident that Calif.Code Civ.Proc. § 726 can be raised in a contested claim allowance hearing and that it does not frustrate bankruptcy administration. It may, of course, determine whether a deficiency claim (on the one hand) or a security interest (on the other) have been waived but that is not inconsistent with the Code. See, e.g., 11 U.S.C. § 502(b)(1).

■ Nor does the judgment appealed satisfy Calif.Code Civ.Proc. § 726. Among other things, that judgment left open FGA's option to foreclose under its power of sale and such a foreclosure is inconsistent with a money judgment, with Calif.Code of Civ.Proc. § 580b, and with Calif.Code of Civ.Proc. § 726, which provides only for judicial foreclosure.

Accordingly, on this ground alone the judgment must be reversed. We do not reverse on this ground alone, however.

### III

The parties and the court lost sight, it seems to us, of the fact that the bankruptcy court exists to afford statutorily defined relief to debtors and to creditors. As a result, an unprecedented money judgment was entered against Bell, and this has shunted the appeal into a procedural thicket.

The parties also lost sight of the special nature of relief from stay litigation under 11 U.S.C. § 362(d). The legislative history makes clear that such litigation should be limited to granting or denying relief from the automatic stay.

At ... all hearings on relief from the stay, *the only issue will be* the claim of the creditor and the lack of adequate protection or existence of other cause for *relief from the stay.* This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor on largely unrelated matters. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, *they will be the subject of more complete proceedings by the trustees* to recover property of the estate or *to object to the allowance of a claim* (Emphasis supplied).

House Report No. 95–595, 95th Cong., 1st Sess. 344 (1977); cf. Senate Report No. 95–989, 95th Cong., 2d Sess. 53–55 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6300.

At oral argument the parties could think of only one precedent for a bankruptcy court entering a money judgment for a creditor against either the debtor or the trustee (here debtor-in-possession) on a debt that arose before bankruptcy.

■ The bankruptcy court is authorized to enter judgment against the debtor as part of a dischargeability proceeding. 11 U.S.C. § 523(a); Bankruptcy Rule 409(b). That exception does not lend legitimacy to the judgment under appeal for at least two reasons. First, it was neither pleaded nor tried as a dischargeability case. Second, the parties stipulated to a separate judgment against Bell based on nondischargeability, and that judgment is not before us. Furthermore, the complaint for relief from stay was against Bell in his capacity of debtor-in-possession (trustee in bankruptcy) and not in his separate, individual capacity. A dischargeability judgment lies only against a debtor and not a debtor-in-possession or trustee.

Which leaves us without precedent for a money judgment against a trustee (debtor-in-possession) on a pre-bankruptcy debt. At argument, FGA suggested that cases whereby the bankruptcy court defers to a state court for a determination of liability are analogous. Such examples do exist, see, e.g., *Nathanson v. N.L.R.B.*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952) [liability and amount of liability determined by NLRB]. Typically, however, the bankruptcy court's function of allowing claims against the estate is not usurped on such occasions, which in our experience are extremely rare. See *In re Tucson Yellow Cab Company, Inc.*, 27 B.R. 621 (9th Cir. Bkrtcy.App.1983).

■ So far as we can discern, a bankruptcy court's sole authority to adjudicate the bankruptcy estate's liability to pre-filing creditors is found in 11 U.S.C. §§ 501 et seq., such as Section 502(b) relating to allowance of contested claims. We know of no statutory authority for entering judgment (under §§ 501 et seq. or otherwise) against either a trustee in bankruptcy or a debtor-in-possession on such a claim.

We therefore conclude that the money judgment appealed from, which is against Bell as debtor-in-possession, must be vacated.

IV

On remand, the trial court should limit judgment to the issues raised by the complaint for relief from stay. Any further proceedings with respect to the estate's liability to FGA should be deferred until FGA files a claim against the estate and should, of course, be pursued in accordance with the applicable Code provisions and Bankruptcy Rules. In such proceedings, the relevant principles of state law discussed in part II can receive appropriate consideration.

We express no opinion as to the status of the nondischargeable judgment separately entered against Bell as it is not before us.

Reversed and remanded.