**In re Virginia PON, Debtor.**

**Bankruptcy No. 93–3–0199–TC.**

United States Bankruptcy Court, N.D. California.

March 7, 1994.

Frederick D. Holden, Jr., Kevin B. Fisher, Renee L. Barton, Brobeck, Phleger & Harrison, San Francisco, CA, for Bank of America NT & SA.

Jeffrey J. Goodrich, Steven O. Gasser, Shartsis, Friese & Ginsburg, San Francisco, CA, for debtor Virginia Pon.

### *OPINION*

THOMAS E. CARLSON, Chief Judge.

Debtor seeks summary judgment disallowing a $1.7 million claim asserted against her as a guarantor. The principal issue is whether Debtor validly waived the "*Gradsky* defense," under which a lender may not recover from a guarantor any deficiency remaining

after a nonjudicial foreclosure on real property securing the principal obligation. I determine that Debtor waived the defense and deny her motion for summary judgment.

## FACTS

The relevant facts are not disputed. In October 1989, Golden Diamond Investments (GDI) obtained a $3.0 million construction loan from Bank of America (the Bank). The loan was secured by a deed of trust on real property located at 2240 Union Street in San Francisco. Debtor Virginia Pon, a principal of GDI, guaranteed the loan. GDI defaulted on the loan, and the Bank conducted a nonjudicial foreclosure of the Union Street property. The Bank was not paid in full from the proceeds of the foreclosure sale, and now asserts a claim against Debtor as guarantor for $1,716,838.47.

Debtor seeks summary judgment disallowing the Bank's claim, contending that the Bank may not recover the deficiency from her as guarantor under the doctrine of *Union Bank v. Gradsky*, 265 Cal.App.2d 40, 71 Cal.Rptr. 64 (1968). The Bank responds that Debtor executed a written waiver of the *Gradsky* defense.[1] Debtor counters that the waiver language is inadequate under *Cathay Bank v. Lee*, 14 Cal.App.4th 1533, 18 Cal. Rptr.2d 420 (1993). The controlling question is the legal sufficiency of the written waiver language, a question that is appropriate for summary judgment.

## ANALYSIS

*Gradsky* held that a lender cannot recover from a guarantor the unpaid balance on a loan remaining after a nonjudicial foreclosure on real property securing the loan. Under California law, a lender may not recover a deficiency judgment from the primary obligor after a nonjudicial foreclosure. Cal.Code of Civ.Proc. § 580d. Section 580d does not, however, address whether the guarantor may be held liable for a deficiency. In concluding that the guarantor may not be held liable, the court noted that a guarantor normally is entitled to recover from the principal obligor any payment made on the guarantee via the common law doctrines of indemnity and subrogation. 71 Cal.Rptr. at 68. The court determined that the policies underlying section 580d, however, preclude the guarantor from enforcing its rights of indemnity and subrogation to recover from the primary obligor what is in substance a deficiency judgment. *Id.* at 69. The court then concluded that the lender should be estopped from recovering a deficiency from the guarantor because, in electing nonjudicial foreclosure, the lender impaired the guarantor's rights of indemnity and subrogation against the primary obligor. *Id.*

*Gradsky* expressly stated, however, that the guarantor could "by express contract or by his subsequent actions either waive or be estopped from raising his defense to the creditor's action to recover any deficiency after a nonjudicial sale." *Id.* at 70. The question in this case is whether the Debtor effectively waived the *Gradsky* defense.

The California Supreme Court has not addressed the standard to be applied in determining the sufficiency of a waiver of the *Gradsky* defense. The decisions of the California Courts of Appeal are divided on this issue.[2]

The Fourth District Court of Appeal recently held that an effective waiver must advise the guarantor of the *Gradsky* defense and the terms of section 580d. *Cathay Bank v. Lee*, 14 Cal.App.4th 1533, 18 Cal.Rptr.2d 420 (1993), *review denied.*[3] In *Cathay Bank*, the guarantee stated "Guarantor shall be liable to Bank for any deficiency resulting from the exercise by it of any such remedy, even though any rights which Guarantor may have

---

1. The waiver language is set forth in the final paragraph of this decision.

2. In resolving an issue of state law, a federal court must attempt to predict how the highest state court would decide the issue. In the absence of any relevant decisions from the highest court, and in the absence of convincing evidence that the highest court of the state would decide differently, a federal court is obligated to follow the decisions of the state's intermediate courts. *In re Kirkland*, 915 F.2d 1236, 1238–39 (9th Cir.1990).

3. The California Supreme Court's decision to deny review in *Cathay Bank* does not indicate its approval of that decision. *See* 9 B.E. Witkin, California Procedure, *Appeals*, § 776 (3d Ed. 1985).

against others might be diminished or destroyed." 18 Cal.Rptr.2d at 421 n. 4. The court held that this language did not constitute an effective waiver because it did not describe adequately the defense the guarantor was waiving.

> The first principles of waiver buttress our conclusions. Waiver is the intentional relinquishment of a known right.... Waiver requires " 'sufficient awareness of the relevant circumstances and likely consequences' "....
>
> These principles emphasize actual knowledge and awareness of what is being waived, and require resolution of doubts against waiver. Here, the language in paragraph 4 does not provide the reader with any actual awareness of the *Gradsky* defense (i.e., the legal consequence of the destruction of subrogation rights by nonjudicial foreclosure), and even if the matter is arguable, the doubt should be resolved against waiver.

*Id.* at 423–24 (citations omitted).[4]

The Second District Court of Appeal applied a much more lenient standard for waiver of the *Gradsky* defense in *Mariners Savings and Loan Ass'n v. Neil,* 22 Cal.App.3d 232, 99 Cal.Rptr. 238 (1971). In that case, the guarantor waived "any defense based upon Sections 580 and 726 of the Code of Civil Procedure of the State of California," and "any right to require [lender] to (a) proceed against Borrowers; (b) proceed against or exhaust any security held from Borrowers; or (c) pursue any other remedy in [lender's] power whatsoever." 99 Cal. Rptr. at 241. The court held that this language constituted a valid waiver of the *Gradsky* defense.[5] In so concluding, the court noted only that the waiver language was sufficiently explicit. The court did not require that the waiver language make the guarantor fully aware of the character of the *Gradsky* defense.

The *Cathay Bank* decision attempts to reconcile its holding with *Mariners Savings* by noting that the waiver in *Mariners Savings* expressly referred to Section 580d, while the waiver in *Cathay Bank* did not. 18 Cal. Rptr.2d at 424–25. This explanation is not persuasive. As explained above, the *Gradsky* defense is not based directly on section 580d; it is based on principles of estoppel. Thus, the mention of section 580d does not by itself explain the defense that the guarantor is waiving. Moreover, the waiver in *Cathay Bank* identified the *Gradsky* defense more clearly than did the waiver in *Mariners Savings.* The *Cathay Bank* waiver stated more explicitly that the lender could recover a deficiency from the guarantor after nonjudicial foreclosure even though the guarantor's rights against the principal borrower would be impaired. The real difference between *Cathay Bank* and *Mariners Savings* is in the legal standard applied, not in the language of the waivers in question.

I conclude that if the California Supreme Court were to address the issue, it would hold that a *Gradsky* waiver need only contain language stating clearly that the lender may recover a deficiency from the guarantor after a nonjudicial foreclosure even though the guarantor's rights of subrogation and indemnity may be destroyed thereby. First, that is all that *Gradsky* itself stated that the waiver must contain. *Gradsky* found there was no waiver in that case because "[t]he language of the guarantee agreement does not specifically waive the guarantor's defense based upon an election of remedies which destroys both the guarantor's subrogation rights and his rights to proceed against the principal obligor for reimbursement." *Gradsky,* 71 Cal.Rptr. at 70. Second, the cases cited in *Cathay Bank* for the proposition that the guarantor must be advised of the character of the defense and the legal implications of the waiver language do not support that

---

**4.** The decisions cited in *Cathay Bank* in support of the quoted language are discussed in note 4, *infra.*

**5.** *Mariners Savings* also held that the guarantor waived the *Gradsky* defense by conduct when the lender tendered the note and deed of trust to guarantor one week before lender conducted the

foreclosure sale against the borrower and the guarantor declined to pay off the note to preserve its subrogation and indemnity rights against the borrower. *See* 99 Cal.Rptr. at 241. I need not determine whether there was a similar waiver by conduct here, as I determine that the written waiver was sufficient.

proposition. None of the decisions relied upon in *Cathay Bank* hold that an express written waiver of a defense in a commercial setting is unenforceable merely because the defendant was not advised of the legal implications of the waiver language.[6]

■ The guarantee at issue in the present case contains an adequate waiver of the *Gradsky* defense. Paragraph 9 of the guarantee states:

> Upon a default of the Borrower, the Bank may elect to nonjudicially or judicially foreclose against any real or personal property security it holds for the Indebtedness or any part thereof, or exercise any other remedy against the Borrower, any security or any guarantor, even if the effect of that action is to deprive Guarantor of the right to collect reimbursement from the Borrower for any sums paid to the Bank.

This language states clearly that the Bank may recover a deficiency after nonjudicial foreclosure against the primary obligor even though guarantor's rights against the primary obligor are destroyed thereby. Nothing more is required. The waiver language in the present case also identifies the *Gradsky* defense more explicitly than the waiver in *Cathay Bank* did. The waiver in *Cathay Bank* stated that guarantor would be liable for a deficiency even though the lender's exercise of "any such remedy" would diminish the guarantor's rights against "others." The waiver language here states more specifically that guarantor is liable for the deficiency even though "nonjudicial foreclosure" de-

prives guarantor of the "right to collect reimbursement from the Borrower."

---

6. *BP Alaska Exploration, Inc. v. Superior Court,* 199 Cal.App.3d 1240, 1252, 245 Cal.Rptr. 682 (1988), did not involve written waiver of a defense. It involved the alleged waiver of an issue at trial. *Pacific Valley Bank v. Schwenke,* 189 Cal.App.3d 134, 145, 234 Cal.Rptr. 298 (1987), also did not involve a written waiver. It concerned an alleged oral agreement. *In re Marriage of Vomacka,* 36 Cal.3d 459, 469, 204 Cal. Rptr. 568, 683 P.2d 248 (1984), and *In re Marriage of Moore,* 113 Cal.App.3d 22, 28, 169 Cal. Rptr. 619 (1980), are distinguishable because the waiver language did not expressly cover the right at issue. Those cases held that a marital dissolution settlement agreement providing spousal support for two years did not preclude the spouse from asking the court to extend the support period. In each case, the court noted that the agree-

ment did not expressly preclude such an extension, and that any permanent waiver of spousal support must be construed narrowly because of policy concerns unique to marital support issues. *In re Marriage of Perkal,* 203 Cal.App.3d 1198, 1203, 250 Cal.Rptr. 296 (1988), addressed whether the phrase "for a gift" handwritten on a deed constituted a written waiver of one spouse's right to seek reimbursement from the marital community for a contribution of separate property used to purchase a community asset. In holding that the words did not constitute a waiver, the court relied on evidence that the words were inserted on the deed for the purpose of avoiding documentary transfer tax and not for the purpose of affecting the rights of the spouses versus each other.